**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 18 2023

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

Urban J. Johnson, Plaintiff

v.

Jill Brady, Kruszka
Catherine Shea
Darren Cantor
Bill Elder
Christopher Gregory, Defendant(s).

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

Jury Trial requested:
(please check one)
✓ Yes ___ No

## PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Jabari J Johnson #177160, P.O. Box 777, Canon City
(Name, prisoner identification number, and complete mailing address)

CO 81215
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____ Pretrial detainee
____ Civilly committed detainee
____ Immigration detainee
__✓__ Convicted and sentenced state prisoner
____ Convicted and sentenced federal prisoner
____ Other: (*Please explain*) _____

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Jill Brady, 270 S. Tejon St., Colorado Springs,
(Name, job title, and complete mailing address)

CO, 80903

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  __✓__ Yes ____ No (*check one*). Briefly explain:

Jill Brady knowingly acted under color of law

Defendant 1 is being sued in his/her __✓__ individual and/or ____ official capacity.

2

Defendant 2: _Darren Canton, ADC Coordinator, 1300 Broadway,_
(Name, job title, and complete mailing address)

_Denver, CO, 80203_

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

_Darren Canton acted under the color of law_

Defendant 2 is being sued in his/her ✓ individual and/or ___ official capacity.

Defendant 3: _Catherine Shea, Regulations Counsel, 1300 Broadway_
(Name, job title, and complete mailing address)

_Denver, CO, 80203_

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (*check one*). Briefly explain:

_Shea knowingly and intentionally acted under the Color of law_

Defendant 3 is being sued in his/her ___ individual and/or ___ official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

✓ 42 U.S.C. § 1983 (state, county, and municipal defendants)

___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

___ Other: (*please identify*) _____

3

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Due Process Clause  2. Retaliation For Speech
3. Cruel And Unusual Punishment  4. Deliberate Indifference
5. Liberty Clause  6. Confrontation Clause  7. Equal Protection Clause
Supporting facts:
8. Americans With Disability/Rehab Act

4

B. Defendants

4. Christopher Gregory, Judicial Discipline, 1300 Broadway, CO, 80203

5. Bill Elder, Sheriff, 27 E. Vermijo St., Colorado Springs, CO 80903

6. Jenna Kruszka, 12050 W. 64th Ave., Unit E, 478 Arvada, CO, 80004.

Judge Jill Brady on 7/13/22 did not allow Jabari Johnson to submit evidence in case 15-CR-2337 regarding attorney Jenna Kruszka's ineffective assistance of counsel in which:
1) Kruszka did not retrieve 120 photos needed for Amended Petition
2) Kruszka did not visit
3) Kruszka did not retrieve medical documentation which was required to visit with Kruszka due to need of wheelchair
4) Kruszka did not draft a motion regarding need of wheelchair to visit
5) Kruszka did not interview Jabari Johnson's mother who requested to speak to her and had vital information regarding Co-Defendant Mangum and Danielle Fouther.
6) Kruszka lost files of Andrew Bryant, Mia Cryster, and Craig Cox stating go get evidence myself and indicating the lawyer is not calling me back and doesn't know why he's not returning phone calls.
7) Kruszka did not continue the 3/1/22 court date after she was told to do so
8) Kruszka did not interview witnesses Jabari Johnson told her to.
9) Kruszka turned her phone off not allowing Jabari Johnson to call her failing to set up a call then blocking Jabari Johnson.
10) Kruszka attempted to coerce witnesses to switch their story.
11) Kruszka did not produce a supplemental petition at the date it was due.
12) Kruszka redacted every name in discovery when she's obligated to redact numbers and addresses not witnesses from their statements.
13) On 3/30/22 Kruszka threatened Jabari Johnson stating that if she doesn't work out Darren Cantor the Executive of ADC won't provide another attorney. Kruszka then began to commit further illicit acts of ineffective assistance of counsel.
14) From 7/13/22 Jabari Johnson requested on 3 occasions to current date his entire file from Kruszka yet she claimed to not recieve my request.
All evidence was witheld from Plaintiff from 6/18/22 - 7/18/22 by Sgt Mott of El Paso County to prove Kruszka's actions, Brady intentionally denied Jabari Johnson the right to be heard also denied Jabari Johnson of presenting evidence, and denied Jabari Johnson the right to be heard also denied Jabari Johnson of presenting evidence, and denied Jabari Johnson a fair hearing.
From 7/13/22 Judge Jill Brady forced Jabari Johnson to be Pro-se as Plaintiff is Pro se
15. Brady would not adequately respond to Plaintiffs motions as Plaintiff is Pro se
16. Brady did not allow Jabari Johnson to write Judge McHenry or speak to him, the very Judge who initially stated that Andrew Bryant the lawyer in case 15-CR-2337 found that a conflict existed as McHenry indicated Jabari did not get a fair trial yet Brady violated Plaintiffs 1st Amendment Right as Plaintiff is Pro-se.
17. Brady did not Plaintiff 120 photo's sent to the court which is evidence proving Jabari Johnson doesn't need to to rob anyone especially the alleged victim who claims he isn't a drug dealer in which Jabari Johnson Proved he had over 100k during the time of his arrest. While Pro-se acted illicitly witholding evidence.
18. Brady did not allow Jabari Johnsons extension of time to Amend Petition until it was too late and submitted the Amended Petition.
19. Brady aided Doc and tried to have Jabari Johnson killed while at CSP, SCF and CCF due to the wide range of evidence she is intentionally not trying to allow me to present. Jabari Johnson has told Brady that he has not been provided his file for case 15-CR-2337. Brady is bias against Pro-se Jabari Johnson restricting Due Process.
Jill Brady is bias refuses to recuse herself and refuse to provide fairness.
Regulation Counsel Catherine Shea intentionally aided Kruszka covering Kruszka's actions allowing Jabari Johnson to be subjected to ineffective assistance of counsel.
On 12/18/22 in case 15-CR-2337 Jabari Johnson filed 1 Motion Notifying This Court of DOC staff members Jeff Long, Jackson, Robert Dick, Weaver, Koenig and Vasquez Aiding inmates in opening their doors As Jabari Johnson requests That Court To send Jabari Johnsons Ryan Skasowski's response to Johnson's 9/16/22 Amended Supplemental 35(1) motion Further Asking for An Extension
The motion reads as follows:
on 1/9/23 Jill Brady responded to the Defendants Prior 1 Motion Notifying Judge Jill Brady that Defendant have not recieved his file.
Brady did not order Kruszka to provide the file in its entirety. Brady also stated she will not order to provide the documents to his family.
Brady then stated that she will not grant any further extensions of time and that the defendants reply is due 2/2/23
Judge Brady is racially presudice and legally bias towards the defendant she provides less than fair practices against the defendant denying him of his 14th Amendment Due Process rights. as Christopher Gregory the Executive Director of Judicial Discipline aided her actions, he then indicated that he is directing me to the www.Colorado judicial discipline.com as he knows full well I'm in prison and cant retrieve the contents as he also violates Plaintiffs 14th Amendment rights also retaliating against the Plaintiff.
Regulations Counsel catherine s.shea agreed with Kruszka's ineffective counsel in her numerous responses to plaintiffs complaints, as Darren Cantor aided Kruszka is not providing plaintiffs entire file as required and requested violating Due Process as well.
All individual defendants are conspiring against the Plaintiff in retaliation due to their knowledge of his need for his wheelchair.

On 6/3/23 Judge Jill Brady granted an evidentiary hearing regarding 35(c) stating she's only providing a one hour hearing on the following claims:

1) Whether Counsel was ineffective for not interviewing or investigating Adrian Garrett, Sarah Bennett and Willis Earl Jenkins Jr.

2) The alleged newly discovered evidence of the alleged conversation between Elizabeth Mangum and Danielle Foulker and

3) Whether counsel was ineffective for not seeking the admission of certain prior acts of the victim Mr. Williams, as reverse similar evidence.

The People shall prepare a writ for the defendants in person appearance once the hearing is scheduled.

Patrick Grentzler states the Plaintiff is a defendant in case 15-CR-2337 indicated in 2020 the same reason that Jabari Johnson should be granted a new trial in Jill Brady's 6/30/23 granting of evidentiary hearing.

Christopher Gregory on 7/19/23 Gregory closed Jabari Johnson recent complaint regarding Jill Brady prejudice and bias also deprival of wheelchair to attend evidentiary hearing

Sheriff Bill Elder of ElPaso County has not transported the Plaintiff to county for his evidentiary hearing because Plaintiff needs a wheelchair conspiring against Plaintiff as he knows Plaintiff needs a wheelchair

Nurse Diane Hawthorne-Cruz of ElPaso County exposes the need on 12/17/21

## G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

Plaintiff requests 5 million in both compensatory and punitive damages for their individual capacity

## H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

8/14/23
_____
(Date)

(Revised February 2022)

6

**Colorado Department Of Corrections**

Name *Jabari J Johnson*

Register Number *177601*

Unit *E-2-18*

Box Number *777*

City, State, Zip *CanonCity, CO 81215*

**RECEIVED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 18 2023

**MITCHELL R. ELFERS**
CLERK

Legal Mail 8/14/23

DENVER CO 802
15 AUG 2023 PM 6

Clerk of Court
333 Lomas NW ste 270
Albuquerque, NM, 87102

87102-227470